O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:15-CV-02049 (VEB)

MARIAN BUTLER,

          Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2012, Plaintiff Marian Butler applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, California Lawyers Group, LLP, Michael Stuart Brown, Esq. of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 3, 13, 23, 24). On August 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on March 12, 2012, alleging disability beginning November 22, 2007 (later amended to December 3, 2008), due to several impairments. (T at 13).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On October 16, 2013, a hearing was held before ALJ Duane D. Young. (T at 25). Plaintiff appeared with her attorney and testified. (T at 31-47). The ALJ also received testimony from Sandra Fioretti, a vocational expert (T at 59-62), and Tom Butler, Plaintiff's husband. (T at 49-58).

On March 25, 2014, the ALJ issued a written decision denying the application for benefits. (T at 10-24). The ALJ's decision became the Commissioner's final

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

decision on August 6, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On October 5, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on March 8, 2016. (Docket No. 15). The parties filed a Joint Stipulation on July 26, 2016. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and remanded for further proceedings.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at

1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff last met the insured status requirement of the Social Security Act on September 30, 2011 (the "date last insured") and did not engage in substantial gainful activity between December 3, 2008 (the amended alleged onset date) and the date last insured. (T at 15). The ALJ found that, as of the date last insured, Plaintiff's obesity, coronary artery disease with recurrent chest pain, and history of myocardial infarction were "severe" impairments under the Act. (Tr. 15).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), provided the work did not involve climbing ladders, ropes, or scaffolds; more than occasional stooping and climbing or using ramps and stairs; and provided Plaintiff could avoid exposure to extreme heat. (T at 16).

The ALJ found that, as of the date last insured, Plaintiff could perform her past relevant work as an "informal waitress." (T at 20). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between December 3, 2008 (the amended alleged onset date) and the date last insured and was therefore not entitled to benefits. (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 21, at p. 5), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed. First, she argues that the ALJ erred by failing to address a treating physician opinion. Second, Plaintiff contends that the ALJ's step two analysis of her mental health issues was flawed. Third, she challenges the ALJ's credibility determination. This Court will address each argument in turn.

# IV. ANALYSIS

**A.    Treating Physician Opinion**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. Ariz. 2014)

In this case, on March 11, 2014, after the administrative hearing but before the ALJ's decision, Dr. F. Chu, Plaintiff's treating physician, completed a medical statement. Dr. Chu opined that Plaintiff was limited to working 2 hours per day due to extreme pain. According to Dr. Chu, Plaintiff could stand/sit for 30 minutes at a time and could sit for 2 hours in a workday. Dr. Chu opined that Plaintiff could occasionally lift 5 pounds, could not lift any weight frequently, and was limited to occasional bending and stopping. (T at 962). Dr. Chu explained that Plaintiff suffered from "severe arthritis of the thoracic/lumbar spine." (T at 962).

The ALJ did not discuss Dr. Chu's opinion at all in his decision. This Court finds that the ALJ's decision must be reversed because of this error. The Commissioner essentially acknowledges that the ALJ erred, but argues that the omission is not dispositive because Dr. Chu's opinion post-dates the date last

1  insured (September 30, 2011) by several years. However, medical reports
2  "containing observations made after the period for disability are relevant to assess
3  the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988)
4  (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); *see also*
5  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007) (noting that "reports
6  containing observations made after the period for disability are relevant to assess the
7  claimant's disability"). Medical opinions "are inevitably rendered retrospectively,"
8  and thus "should not be disregarded solely on that basis." *Smith*, 849 F.2d at 1225;
9  *see also Lesmeister v. Barnhart*, 439 F. Supp.2d 1023, 1030-31 (C.D. Cal. 2006).
10 Thus, the mere fact that Dr. Chu's assessment was rendered after the date last
11 insured does not render it irrelevant.

12 In addition, the Commissioner argues that Dr. Chu's opinion was contradicted
13 by contemporaneous treatment notes and other evidence of record. As discussed
14 further below, there is some arguable support for this argument. However, "[l]ong-
15 standing principles of administrative law require us to review the ALJ's decision
16 based on the reasoning and factual findings offered by the ALJ — not post hoc
17 rationalizations that attempt to intuit what the adjudicator may have been thinking."
18 *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

19

20

Lastly, the Commissioner contends that there is sufficient evidence in the record to support a finding that Plaintiff is not disabled and, thus, the error was harmless.  However, Dr. Chu had a lengthy treating relationship with Plaintiff, which began in November of 2007 (T at 397) and included treatment before and after the date last insured. (T at 254, 262, 397-98, 408-409, 439-40, 626-67, 901, 924-27, 934).

An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

Given the significant treating relationship between Plaintiff and Dr. Chu, this Court cannot conclude that the ALJ's failure to discuss Dr. Chu's very restrictive opinion was "inconsequential" to the disability determination.  It is at least possible that the ALJ either neglected to consider the opinion, which was provided after the hearing (but prior to the decision), or that the ALJ erroneously believed that the

opinion was *ipso facto* irrelevant because it post-dated the date last insured. Under either circumstance, this Court cannot say with confidence that the ALJ's failure to address this opinion from a long-standing treating physician did not materially impact the decision. As such, this Court finds that a remand is required.

**B.     Step Two Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir.

1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations." *Id.*

Here, the ALJ concluded that, as of the date last insured, Plaintiff had the following severe impairments: obesity, coronary artery disease with recurrent chest pain, and history of myocardial infarction. (T at 15). The ALJ did not, however, accept Plaintiff's contention that her depression was a severe impairment. (T at 16). This Court finds the ALJ's conclusion as to this issue supported by substantial evidence.

Progress notes from January of 2010 indicated that Plaintiff's depression had resolved, she was asymptomatic, and did not require medication. (T at 16, 510). Prior to that, treatment notes showed some symptoms, but mental status examinations were generally unremarkable, with effective treatment with medication. (T at 439, 465-66, 479, 480, 487-89).

The ALJ also reasonably relied on the assessments of two State Agency review consultants, Dr. Rivera-Miya (a psychiatrist) and Dr. Morris (a psychologist), who reviewed the record and found insufficient evidence of a mental impairment prior to the date last insured. (T at 72, 80). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff cites *O'Bosky v. Astrue*. 651 F. Supp. 2d 1147, 1157 (E.D. Ca. 2009) for the proposition that a "conclusory form opinion" by a State Agency psychiatrist does not justify a non-severe finding at step two. However, in that case, there was an issue as to whether the State Agency psychiatrist had reviewed all of the pertinent records. *Id.* There is no such issue here. The State Agency assessments, combined with the clinical evidence referenced above, was sufficient to sustain this aspect of the ALJ's decision.

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of finding a severe mental impairment. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence (including a reasonable reading of the treatment history and State Agency review physician opinions) and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**C.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 17).

The ALJ offered several valid reasons for discounting Plaintiff's claims of disabling pain and limitations, including inconsistencies between those claims and her reported activities of daily living, including an extensive exercise regimen prior

to the date last insured. (T at 17-18). However, a material portion of the ALJ's credibility determination was based on the conclusion that the medical record contradicted Plaintiff's subjective complaints. (T at 17-18). That determination was impacted by the ALJ's failure to address Dr. Chu's opinion, which was an error for the reasons outlined above. As such, this Court finds that the credibility determination must be revisited on remand.

**D.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is the appropriate remedy. The ALJ did not address the treating physician's opinion, which is an outstanding issue that must be resolved. However, it is not clear from the record that Plaintiff was disabled prior to the date last insured. Dr. Chu's opinion was rendered after the date last insured and it is not clear whether the physician intended to apply the noted limitations to the time period at issue here. A physical examination

conducted by Dr. Chu shortly before the date last insured appears to be generally unremarkable. (T at 627). Dr. Sean To, a consultative examiner, opined in January of 2014 that Plaintiff could perform at least a range of medium work. (T at 946-52, 955-60). While the ALJ was obliged to address Dr. Chu's opinion and should have considered whether it expressed an assessment as to Plaintiff's condition prior to the date last insured, there is ambiguity in the record as to whether Plaintiff was disabled and this Court thus finds that a remand for further proceedings is the appropriate remedy.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order and serve copies upon counsel for the parties.

DATED this 7th day of November, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE